UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| CATHY L. WOODRUFF, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Civil Action Number |
| ATHENS STATE UNIVERSITY, | ) 5:14-cv-1950-AKK ) ) |
| Defendant. | ) ) ) |

## MEMORANDUM OPINION

Cathy L. Woodruff ("Woodruff") pursues this case against Athens State University ("Athens State") under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e, *et seq.* Doc. 1. Woodruff alleges that Athens State discriminated against her on the basis of her gender when it failed to promote her in April 2013 and May 2014, and that Athens State retaliated against her for filing a charge with the Equal Employment Opportunity Commission ("EEOC") when it failed to promote her in May 2014. *Id.* Athens State has moved for summary judgment, doc. 14. Based on a review of the evidence and the law, the court finds that Woodruff has failed to present sufficient evidence to support her claims and that Athens State's motion is due to be granted.

1

## I. SUMMARY JUDGMENT STANDARD OF REVIEW

Under Rule 56(a) of the Federal Rules of Civil Procedure, summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." "Rule 56[] mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (alteration in original). The moving party bears the initial burden of proving the absence of a genuine issue of material fact. *Id.* at 323. The burden then shifts to the nonmoving party, who is required to "go beyond the pleadings" to establish that there is a "genuine issue for trial." *Id.* at 324 (citation and internal quotation marks omitted). A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

The court must construe the evidence and all reasonable inferences arising from it in the light most favorable to the non-moving party. *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 157 (1970); *see also Anderson*, 477 U.S. at 255 (all justifiable inferences must be drawn in the non-moving party's favor). Any factual disputes will be resolved in the non-moving party's favor when sufficient competent evidence supports the non-moving party's version of the disputed facts. *See Pace*

*v. Capobianco*, 283 F.3d 1275, 1276, 1278 (11th Cir. 2002) (a court is not required to resolve disputes in the non-moving party's favor when that party's version of events is supported by insufficient evidence). However, "mere conclusions and unsupported factual allegations are legally insufficient to defeat a summary judgment motion." *Ellis v. England*, 432 F.3d 1321, 1326 (11th Cir. 2005) (per curiam) (citing *Bald Mountain Park, Ltd. v. Oliver*, 863 F.2d 1560, 1563 (11th Cir. 1989)). Moreover, "[a] mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be enough of a showing that the jury could reasonably find for that party." *Walker v. Darby*, 911 F.2d 1573, 1577 (11th Cir. 1990) (citing *Anderson*, 477 U.S. at 252)).

## II.     FACTUAL ALLEGATIONS

Athens State hired Woodruff, a Caucasian female, in 2000 as a teacher-in-residence and promoted her to assistant professor in 2001 in the Elementary Education Department. Doc. 15-1 at 12, 50. Athens State promoted Woodruff to associate Professor in May 2015. Doc. 15-7 at 8. At issue here are Woodruff's unsuccessful applications for promotion to associate professor in 2013 and 2014. As a prerequisite for promotion, Athens State requires at least seven years of teaching experience at Athens State, with credit of up to three years given for teaching at another university. Doc. 15-1. For the 2012 and 2013 years in which Woodruff applied for promotion, Woodruff, who holds a doctorate in early

childhood education, satisfied this prerequisite because she started teaching at Athens State in 2001. Doc. 15-1 at 52–53.

Once a professor applies for promotion, she is required to follow certain procedures. Doc. 15-3 at 5. First, she must compile a portfolio of her teaching career at Athens State. *Id.* at 7. This portfolio consists of sections dedicated to: teaching effectiveness, student advising and involvement, research and scholarly activities, institutional service, and professional and community service. *Id.* Next, a promotion committee, comprised of nine professors from the three colleges, convenes in the fall and examines the portfolio of each candidate. Doc. 15-3 at 5. The committee then grades each portfolio on a one-hundred point scale, and eliminates any candidate that scores less than 80. *Id.* at 10. Following this, the committee determines which of the remaining professors it will recommend for advancement and makes a recommendation to their respective faculty dean, who then makes a recommendation to the Provost. Doc. 15-2 at 15. The Provost considers the recommendations of the promotion committee and the faculty dean before submitting a memorandum containing his final recommendation to the President, who is responsible for the final decision. *Id.*

The first decision Woodruff challenges is her application for promotion in 2012 for the 2013-2014 school year, which Athens State denied in February 2013. Doc. 15-1 at 85. After successfully navigating the promotion committee, which recommended her, doc. 15-3 at 15, Woodruff's dean, who is female, determined

4

that Woodruff's scholarship was too weak to qualify her for promotion in that cycle, *id.* at 20–21. In light of the dean's determination, the Provost decided not to support Woodruff's promotion and did not recommend her to the President. *Id.*

Woodruff applied unsuccessfully again for promotion in 2013 for the 2014-2015 school year. Doc. 1 at 2. Woodruff again successfully cleared the promotion committee. Doc 15-5 at 31. However, although the committee ultimately recommended her, she again received mixed support from the committee. *Id.* Also, similar to 2012, she lacked the support of both of her current and former deans, all of whom are female. *Id.* at 25–29. Accordingly, the Provost again decided not to support her promotion, citing his concern over these mixed reviews. *Id.* at 37.

### III.  ANALYSIS

Woodruff alleges that Athens State discriminated against her because of her gender when it failed to promote her in 2013 and 2014 (Count I), and that it retaliated against her for engaging in protected activity by failing to promote her in 2014 (Count II). The court addresses these contentions below.

#### A. Discrimination Claim (Count I)

Woodruff alleges that gender discrimination factored in Athens State's failure to promote her to associate professor in 2013 and 2014. As she puts it, Athens State's decision was "fully or substantially motivated by [her] sex."[1] Doc.

---

[1] In light of her contentions, the court will treat the claim as a mixed motive claim. Mixed motive and single motive claims are different theories of discrimination. Unlike a case wherein the plaintiff alleges that discriminatory animus motivated her treatment, *see, e.g., Fong v. School Bd. of Palm Beach Cty. Fla.,* 590 F. App'x 930, 933 (11th Cir. 2014), a mixed motive case is one where a plaintiff alleges "both legitimate and illegitimate reasons motivated the

5

1 at 3. To survive summary judgment on a mixed motive claim,[2] a plaintiff "need only produce evidence sufficient to convince a jury that: (1) the defendant took an adverse employment action against the plaintiff; and (2) [a protected characteristic] was *a* motivating factor for the defendant's adverse employment action." *Quigg v. Thomas County School Dist.,* 814 F.3d 1227, 1239 (11th Cir. 2016) (internal citations omitted). Where, as here, Woodruff challenges a decision made by a board, she "can succeed on a mixed-motive claim if she demonstrates that 'discriminatory input,' such as sex or gender-based bias, factored into the board's 'decisional process.'" *Id.* at 1241 (citing *Price Waterhouse v. Hopkins,* 490 U.S. 228, 272 (1989)). Woodruff has failed to make this showing.

Specifically, Woodruff has produced no evidence demonstrating that sex or gender-based animus factored in the promotion decisions. For example, there is no evidence before the court that the members of the 2013 or 2014 promotion committees[3] made any remarks or statements that indicate that their decisions were

---

decision." *Desert Palace, Inc. v. Costa,* 539 U.S. 90, 93 (2003). However, even if Woodruff is pursuing a single motive claim, her claim still fails because of her failure to establish a prima facie case or to rebut Athens State's articulated reasons—i.e., that it did not promote Woodruff due to lack of support from her dean and low scores on her evaluations. Doc. 14 at 30; *see also Texas Dept. of Community Affairs v. Burdine*, 450 U.S. 248, 252–253 (1981); *Chapman v. AI Transport*, 229 F.3d 1012, 1031 (11th Cir. 2000).

[2] Athens State contends that Woodruff has failed to exhaust her administrative remedies and that the court can dismiss Woodruff's claims on these grounds. Doc. 14 at 17. This contention focuses on the EEOC charge Woodruff filed on January 24, 2014—well after the 180 period from the promotion denial—and is based on Athens State's contention that the intake questionnaire Woodruff filled out in September 2013 does not rise to the level of a charge. Although Woodruff does not challenge this argument, in light of *Wilkerson v. Grinnell Corp.,* 270 F.3d 1314, 1321 (11th Cir. 2001), which holds that an intake questionnaire may constitute a charge for Title VII purposes when the circumstances are such that it is clear the charging party intended to activate the administrative process, the court will assume that Woodruff can establish that she intended to activate the charge filing process.

[3] The 2012-2013 committee consisted of five female and four male members, doc. 15-3 at 13, and the 2013-2014 committee had six female and three male members, *id.* at 34.

motivated, in part, by impermissible discriminatory animus. In fact, Woodruff admits that she does not even know if the committees recommended her for promotion—they did—or what criteria they used. Doc. 15-1 at 31–32. Likewise, Woodruff has presented no evidence that her department deans (all of whom are female) and the Provost, i.e., the individuals who rejected the committee's recommendation and decided instead not to recommend Woodruff for promotion, harbored any gender bias against females. In fact, the only "evidence" of gender discrimination Woodruff points to is her belief that "several men have been promoted outside of the process." Doc. 15-1 at 32–33. However, this contention is unsubstantiated and is not based on any relevant specific facts about these men. For example, Woodruff does not know their qualifications or whether, unlike her, they had the support of their deans.[4] *Id.* Moreover, Woodruff has provided no evidence to counter Athens State's proffered evidence that six of the twelve individuals it promoted to associate professor from 2009 to 2012 were female, including three females in Woodruff's department. Doc. 15-7 at 8. In short, the court has nothing before it to support Woodruff's contention that gender animus factored in the decisions she challenges. Therefore, the court finds that Woodruff's "conclusory allegations without specific supporting facts have no probative value" and are insufficient to defeat summary judgment. *See, e.g., Evers v. General*

---

[4] Athens State promoted the men in question (Mike Essary, Prentice Chandler, and Sean Busick), doc. 15-1 at 32, in 2011 and 2012, doc. 15-7 at 7–8. All three held a teaching position in a different department than Woodruff and reported to a different dean. Doc. 15-7 at 5–6. Because promotion decisions depend in part on whether the candidate has the support of her dean—which all three had—, doc. 15-2 at 15, they are not similarly situated to Woodruff and are not proper comparators. *See Jones v. Gerwens,* 874 F.2d 1534, 1541 (11th Cir. 1989).

*Motors Corp.*, 770 F.2d 984, 987 (11th Cir. 1985). Accordingly, Woodruff's claim for sex discrimination is due to be dismissed.

### B. <u>Retaliation Claim (Count II)</u>

In Count II, Woodruff alleges that Athens State retaliated against her for filing an EEOC charge in February 2014 by failing to promote her in May 2014. As a threshold matter, the court disagrees with Athens State's contention that this claim is administratively barred. Although Woodruff did not raise a retaliation claim in her EEOC charge, "a plaintiff's judicial complaint is limited by the scope of the EEOC investigation which can *reasonably* be expected to grow out of the charge of discrimination." *Alexander v. Fulton Cty., Ga.,* 207 F.3d 1303, 1332 (11th Cir. 2000) (internal citations omitted and emphasis added). The facts alleged in the original charge would reasonably support an EEOC investigation into retaliation stemming from the initial charge. *See, e.g., Baker v. Buckeye Cellulose Corp.,* 856 F.2d 167, 169 (11th Cir. 1988). Still, Woodruff's claim fails because she has not established a causal connection between her protected expression and the alleged adverse employment action. *See McDonnell Douglas Corp. v. Green,* 411 U.S. 792 (1973). First, a three month gap between the protected activity and the alleged adverse conduct is insufficient to establish a causal connection. *See Higdon v. Jackson,* 393 F.3d 1211, 1220-21 (11th Cir. 2004). Second, even if the court finds that Woodruff can establish the temporal proximity, her claim still fails because Woodruff failed to demonstrate that the relevant parties—the deans and

Provost who failed to recommend her—had knowledge of her protected activity. *See Brungart v. BellSouth Telecommunications, Inc.*, 231 F.3d 791, 799 (11th Cir. 2000); *Durley v. APAC, Inc.,* 236 F.3d 651, 658 (11th Cir. 2000). Without evidence of the requisite knowledge, no credible basis exists for this court to find that retaliatory animus may have factored in the deans and Provost's decision not to recommend Woodruff for promotion. Alternatively, summary judgment is warranted because Woodruff failed to rebut Athens State's articulated reasons for the decision not to promote her in May 2014. *See, e.g., Wilson v. B/E Aerospace, Inc.*, 376 F.3d 1079, 1087 (11th Cir. 2004) (once an employer articulates a non-discriminatory reason for the employment action, the plaintiff must "meet it head on and rebut it.").

## IV.   **CONCLUSION**

For all these reasons, the motion for summary judgment is due to be granted. A separate order granting this motion and dismissing this case will be issued contemporaneously.

**DONE** the 23rd day of May, 2016.

                                                              **ABDUL K. KALLON**
                                            UNITED STATES DISTRICT JUDGE